SAMUEL B. DOBBS, PLAINTIFF, v. COLEMAN LUMBER COMPANY, INCORPORATED, DEFENDANT.

Decided August 6, 1926.

**Negotiable Instruments—Promissory Notes—A Series of Twenty-four Notes Were Given in Part Consideration of a Business Turned Over to a Corporation—Many of the Notes Were Paid—Payment Refused on the One in Issue as Having Been Issued Without Consideration and for Usurious Intent—Payee of Notes Sold Them for Less Than Face Value—Held, That There was Nothing to Show That the Consideration was Not Equal in Value to the Notes; That There was no Evidence of Usury Between Parties to This Suit—Corporation Agreed to Pay Full Amount to Holders—Defense Held Either Sham or Frivolous.**

On motion to strike out answer of the defendant and to enter summary judgment for the plaintiff.

For the motion, *Lewis Starr.*

*Contra, French & Richards* (*M. C. Rhone,* of the Pennsylvania bar).

The opinion of the court was delivered by

KATZENBACH, J.   The plaintiff instituted suit against the Coleman Lumber Company, Inc., upon a promissory note, of which the following is a copy:

xx

"2,500. ——           CAMDEN, N. J., January 17, 1924.

xx

Nineteen months after date we promise to pay to the order of John Coleman

The sum of $2,500 *and* 00 *cts.*                   Dollars

at West Branch National Bank, Williamsport, Pa.,

Value received.

COLEMAN LUMBER CO., INC.,

John Coleman, President.

No. Due.

Endorsement:

Presentation, protest & Notice thereof & notice dishonor hereby waived.

JOHN COLEMAN

JOHN O. WILSON

W. R. BINNS

S. B. DOBBS."

The complaint alleges that the plaintiff sues for the amount of the note which was endorsed and delivered to him for value prior to the maturity thereof; that the note was not paid on August 17th, 1925, when it fell due, was protested and notice given to the defendant; that the defendant still owes said note which has not been paid.   The answer denies the truth of the matters set forth in the complaint and sets up ten separate defenses.   These defenses all center about the circumstances under which the note was given and will be considered together.   The plaintiff moves to strike out the answer and to enter judgment summarily.

From the affidavits submitted it appears that John Coleman, of Williamsport, Pennsylvania, conducted a mill and lumber business in Clinton county, Pennsylvania, with his

son and a grandson; that in connection with said business he owned considerable machinery, lumber and other personal property, useful and used in the conduct of said business. Coleman was acquainted with one John O. Wilson, and appears, in December, 1923, to have approached Wilson for the purpose of obtaining $40,000. Coleman, with the knowledge of Wilson and also with the knowledge of the plaintiff and one W. R. Binns, caused to be incorporated in the State of New Jersey a corporation known as the Coleman Lumber Company, Inc. The company, on January 17th, 1925, held a meeting of its incorporators. At this meeting Coleman offered to sell the lumber business and property used in connection therewith to the corporation, and to receive in part payment the sum of $60,000, to be paid by the issue to him of the promissory notes of the corporation. The notes were to be twenty-four in number. Each was to be for the sum of $2,500, and all were to be dated January 17th, 1925. One note was to mature each month. Sixteen of said notes were to draw interest. Eight were to draw no interest. The notes of the earliest maturity were to be the ones to draw interest. The offer of Coleman, in addition to the notes, provided that he should receive one thousand four hundred shares of the capital stock of said company of no par value, and that the corporation was to assume a balance of $7,500 due the city of Philadelphia under an agreement mentioned in the offer.

At the meeting the stockholders passed a resolution reciting that the property was necessary for the business of the company, and directing the board of directors to purchase the same upon the terms mentioned. The purchase was carried out. The notes were issued and with the stock of the company were delivered to Coleman. Coleman made a bill of sale to the company for the property purchased. The corporation has operated the business. The notes were paid by the company as they matured, until its refusal to pay the note upon which this action is brought. Coleman, when he received the notes, endorsed the same and delivered them to John O. Wilson, W. R. Binns and Samuel B. Dobbs. It is

claimed that $40,000 was paid to Coleman for the $60,000 of notes.

The contention of the corporation, the defendant, is that the notes were issued without consideration, and the note sued upon represents usurious interest. The gist of each of the separate defenses is that for these reasons, namely, lack of consideration and usury, the plaintiff is debarred from recovery upon the note. Assuming that the motive of Coleman was to obtain $40,000 and that the scheme of the transfer of his property to the corporation formed to acquire it was to enable the corporation to issue $60,000 of notes which Coleman sold for $40,000, and that the plaintiff was cognizant of the plan and participated therein, it does not follow that the notes so given by the corporation were either issued without consideration or are usurious. The consideration for the notes was the property which Coleman transferred to the corporation. There is nothing to show that this property was not worth the amount paid for it by the corporation. The presumption is that the property was worth the amount paid for it. The corporation received the property. It issued its notes to Coleman. There was no agreement that the notes were to bear a usurious rate of interest. In fact, the note sued on bears no interest. There is no evidence of usury as between the parties to this suit. It is therefore not necessary to consider the construction of chapter 144 of the laws of 1902 (*Pamph. L.* 1902, *p.* 459), which relates to the pleading of usury to an obligation issued by a corporation. If Coleman desired to sell the notes for less than their face value, this was a matter for his decision. If he did so, this relieves the maker from no portion of the liability it assumed when it issued and delivered the notes to Coleman. The corporation agreed to pay the full amount thereof to the holders in due course. The corporation has not repudiated its agreement or attempted to rescind it. It has title to the property transferred, operates the business and has paid the prior notes as they matured. It cannot claim the benefit of any right which Coleman might have arising from the alleged

agreement with Wilson, Binns and the plaintiff, assuming that Coleman has any right.

The note sued on was purchased by the Collingswood National Bank. After default in the payment thereof the plaintiff took up the note and then instituted this action.

It is contended that the plaintiff is not a holder in due course. It is my opinion that he is. The motion made should prevail. Each defense set up in the answer is either sham or frivolous. The answer with the defenses set up therein will be struck out. Summary judgment may be entered for the amount of the note, with interest from maturity, and costs.